*94 MEMORANDUM **
Juan Liu, a native and citizen of China, petitions for review of two Board of Immigration Appeals (“BIA”) orders: a July 2004 order denying her motion to reconsider and reopen, and a January 2005 order denying her subsequent motion to reopen. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for abuse of discretion, Cano-Merida v. INS, 311 F.3d 960, 964 (9th Cir.2002), we deny the petitions for review.
In its July 2004 order, the BIA did not abuse its discretion by denying Liu’s motion to reconsider on the ground that she did not establish any error of law or fact in the previous decision. See 8 C.F.R. § 1003.2(b)(1), (c)(1). The BIA was also within its discretion in denying Liu’s motion to reopen on the ground that her new evidence was insufficient to establish a strong likelihood of a bona fide marriage as required by Matter of Velarde-Pacheco, 23 I. & N. Dec. 253 (BIA 2002) (en banc). See Malhi v. INS, 336 F.3d 989, 994 (9th Cir.2003); 8 C.F.R. § 204.2(a)(1)(iii)(B).
In its January 2005 order, the BIA did not abuse its discretion or violate due process by denying Liu’s subsequent motion to reopen as untimely. See 8 C.F.R. § 1003.2(c)(2) (motion to reopen generally must be filed within 90 days of final administrative decision). Even if the 90-day period for filing the motion were tolled until Liu met with new counsel, the motion to reopen would have been filed about a week late. See Iturribarria v. INS, 321 F.3d 889, 899 (9th Cir.2003).
PETITIONS FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.